**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**OMAR GARCIA,**<br>**Defendant.** | **CASE NO.: 1:25-cr-00062-JRH** |

## MOTION TO SEVER DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW

Defendant Omar Garcia, through undersigned counsel, moves pursuant to Federal Rules of Criminal Procedure 8(b) and 14(a) for an order severing his trial from the defendants charged in the bank-fraud scheme and, alternatively, for a separate trial of the charges against him in Counts Four through Seven. The Indictment joins eight defendants and twenty-six counts involving three materially different categories of alleged conduct: bank fraud, VA education-benefit wire fraud, and false tax returns. Defendant is charged only in the VA-related conspiracy in Count Four and the three substantive wire-fraud counts alleged against him in Counts Five through Seven. Indictment, ECF No. 3, ¶¶ 155–181, at 28–33.

If the Court concludes that joinder is permissible under Rule 8(b), Defendant alternatively requests relief under Rule 14(a) because a single trial of all defendants and all schemes creates a serious risk that the jury will be unable to compartmentalize the extensive evidence of unrelated financial and personal conduct and make a reliable, defendant-specific determination as to the Defendant. A separate trial of Counts Four through Seven against Defendant is the most direct means of eliminating that prejudice while preserving the Government's ability to prosecute the remaining counts.

## LEGAL STANDARD AND ARGUMENT

### A. THE CHARGES AGAINST DEFENDANT ARE DISTINCT FROM THE BANK-FRAUD AND TAX COUNTS

The Indictment charges Defendant in Count Four with conspiracy to commit wire fraud involving VA education benefits and in Counts Five through Seven with three substantive wire-fraud offenses arising from VA-ONCE submissions allegedly made on or about March 1, 2021. Indictment ¶¶ 155–181, at 28–33. The VA allegations concern HOPBS, VA education benefits, School Certifying Officials, VA Form 22-1999, VA-ONCE transmissions, and GNPEC certifications concerning federal funds. Indictment ¶¶ 157–179, at 29–32.

Counts One through Three are different. They charge an alleged bank-fraud scheme involving Denis, Anthony Oloans, Joseph Fryar, Dennis Nostrant, Gerard Robertson, and David Reip. Indictment ¶¶ 32–33, at 7. The alleged conduct concerns residential real estate, straw buyers, false mortgage information, powers of attorney, title transfers, rental income, mortgage payments, and loan modifications. Indictment ¶¶ 34–130, at 8–22. Defendant is not named as a defendant in any of those counts, and the Indictment does not allege that he participated in any of those real-estate transactions.

The Indictment also charges Denis alone with false tax-return offenses. Indictment ¶¶ 182–187, at 35–37. Those allegations present another category of financial misconduct that does not involve Defendant and does not bear on whether Defendant knowingly joined the alleged VA-benefit conspiracy or committed the three VA-ONCE transmissions charged against him.

### B. JOINDER IS IMPROPER UNDER RULE 8(B) AND PREJUDICIAL UNDER RULE 14(A)

Federal Rule of Criminal Procedure 8(b) permits defendants to be charged together when the indictment alleges that they participated in the same act or transaction, or in the same series of acts or transactions constituting one or more offenses. Fed. R. Crim. P. 8(b). Joinder is determined

"before trial by examining the allegations contained in the indictment." *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001)(quoting *United States v. Morales*, 868 F.2d 1562, 1567-68 (11th Cir. 1989)).

Defendant is not charged in the bank fraud counts and is not alleged to have participated in the real estate or tax return transactions underlying those counts. Defendant therefore contends that the indictment does not sufficiently allege that the bank-fraud transactions and his alleged VA-related conduct are part of the same act or transaction, or the same series of acts or transactions, within the meaning of Rule 8(b).

Even if the Court concludes that joinder is proper under Rule 8(b), Rule 14(a) authorizes severance or other appropriate relief when joinder appears to prejudice a defendant. Fed. R. Crim. P. 14(a). The Supreme Court has held that severance may be warranted where a joint trial creates a serious risk that a specific trial right will be compromised or that the jury will be unable to make a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Here, the Defendant contends that a separate trial is warranted because the charges against him are materially distinct from substantial portions of the case against his codefendants. Severance would permit the jury to determine his guilt or innocence based on the evidence relevant to the offenses charged against him, without requiring it to evaluate his case alongside unrelated charges against other defendants.

### C. A JOINT TRIAL CREATES A GENUINE RISK OF SPILLOVER PREJUDICE TO DEFENDANT

This case presents more than a simple imbalance in the amount of evidence. The jury would hear proof of an alleged bank-fraud scheme involving real-estate transactions in which Defendant had no alleged role. The Government may present evidence concerning mortgages, straw buyers, powers of attorney, property transfers, rental proceeds, and loan modifications before the same

jury asked to determine whether Defendant knowingly participated in a VA-benefit conspiracy. The jury would also hear evidence relating to Denis's tax-return offenses, which are charged against Denis alone.

The practical danger is straightforward. Evidence of fraud can be cumulative and persuasive. When a jury hears substantial evidence that several defendants engaged in fraudulent real-estate transactions and other financial misconduct, there is a real risk that the strength of that evidence will influence its assessment of a defendant who is not charged with those acts. The jury may conclude, consciously or otherwise, that Defendant was part of the same overall wrongdoing simply because he was tried alongside the defendants against whom the unrelated evidence is strongest. This is the spillover prejudice Defendant seeks to avoid.

Defendant's charges can be tried on their own evidence. The Government may present the VA records, HOPBS records, testimony, GNPEC certifications, VA-ONCE evidence, and any other admissible proof it contends establishes Defendant's knowledge, intent, agreement, and conduct. A separate trial would require the jury to answer the proper question: whether the Government proved Defendant's guilt on Counts Four through Seven beyond a reasonable doubt. It would not require the jury to separate those questions from a substantial body of evidence concerning bank fraud, real estate, and tax returns that do not involve him.

## D. A LIMITING INSTRUCTION WOULD NOT FULLY CURE THE PREJUDICE

Defendant recognizes that joint trials are favored and that juries ordinarily are presumed capable of following instructions to consider each defendant and each count separately. Federal Rule of Criminal Procedure Rule 14(a) does not require that prejudice have already materialized before relief is appropriate; it authorizes severance when joinder "appears to prejudice" a defendant.

This case presents an unusual compartmentalization problem. The same jury would be asked to hear multiple schemes, different victims, different statutory offenses, different transactions, and materially different groups of defendants, while the Indictment's introductory allegations describe the defendants collectively in several places. The bank fraud scheme spans multiple paragraphs of the Indictment and involves six named individuals whose alleged transactions are extensive and detailed. That volume of evidence concerning a separate fraudulent scheme involving separate victims under separate statutes is qualitatively different from a simple imbalance in the evidence, and it substantially increases the risk that the jury will be unable to evaluate Defendant's counts in isolation.

A limiting instruction can direct jurors not to use bank-fraud or tax evidence against Defendant, but it cannot eliminate the cumulative force of that evidence once heard, nor can it neutralize the natural tendency to view defendants tried together as participants in a common course of wrongdoing. The concern is especially significant here because the evidence supporting the bank-fraud and tax counts will likely be substantially more voluminous than the evidence bearing on Defendant's four counts, and because the jury will hear that evidence in the same proceeding in which it is asked to assess Defendant's knowledge and intent. When the jury retires to deliberate, no instruction can ensure that its conclusions about the other defendants' extensive fraudulent conduct do not influence its assessment of a defendant who is charged with entirely different conduct against different victims under a different statutory scheme.

The Supreme Court recognized in *Zafiro* that severance is appropriate where a joint trial creates "a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." 506 U.S. at 539. That standard is met here because of the sheer scope and nature of the unrelated fraud evidence creates a structural risk that the jury cannot compartmentalize. Limiting instructions will

not eliminate that risk; they will only ask the jury to perform a task that the evidence makes genuinely difficult. Severance is the remedy *Zafiro* contemplates for this category of prejudice because it eliminates the structural problem rather than asking jurors to overcome it through instruction alone.

## CONCLUSION

Defendant Omar Garcia respectfully requests that this Court sever his trial from the other defendants and counts arising from the bank-fraud and false-tax-return schemes and order that Counts Four through Seven against Defendant be tried separately. In the alternative, Defendant requests such narrower severance of defendants or counts, or other relief under Rule 14(a), as the Court determines is necessary to permit the jury to make a reliable and individualized determination of his guilt or innocence.

Respectfully submitted this 30th day of September 2026.

/s/ Katrell Nash
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**OMAR GARCIA,**<br>**Defendant.** | **CASE NO.: 1:25-cr-00062-JRH** |

## CERTIFICATE OF SERVICE

I certify that on the 30th day of September, 2026, I electronically filed the foregoing ***Motion to Sever Defendants and Incorporated Memorandum of Law*** with the Clerk of Court through CM/ECF, which provides electronic notice to all counsel of record registered to receive such notice.

/s/ Katrell Nash
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com