**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**OMAR GARCIA,**<br>**Defendant.** | **CASE NO.: 1:25-cr-00062-JRH** |

# MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES AND INCORPORATED MEMORANDUM OF LAW

Defendant Omar Garcia, through undersigned counsel, moves pursuant to Federal Rule of Criminal Procedure 24(b) for additional peremptory challenges to be exercised separately during jury selection. In the alternative, Defendant requests that the Court grant the defense additional joint peremptory challenges and establish their allocation before voir dire.

This case involves eight defendants and twenty-six counts arising from materially different allegations, including bank fraud, VA education-benefit wire fraud, and false tax returns. Defendant is charged in Count Four through Seven. Indictment, ECF No. 3, ¶¶ 155–181, at 28–33.

The ordinary allocation under Rule 24(b) gives all defendants jointly ten peremptory challenges. In an eight-defendant trial involving distinct alleged roles, separate categories of evidence, and different jury-selection concerns, that joint allocation substantially limits each defendant's practical ability to remove a prospective juror who may present a concern unique to that defendant. Rule 24(b) expressly permits the Court to address that problem by allowing additional challenges and permitting them to be exercised separately.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 24(b)(2) provides that, in a noncapital felony case, the Government has six peremptory challenges and the defendant or defendants jointly have ten. When there is more than one defendant, the Court may allow additional peremptory challenges and may permit the defendants to exercise those challenges separately or jointly. Fed. R. Crim. P. 24(b).

The Eleventh Circuit recognizes that the number and allocation of peremptory challenges in a multiple-defendant case are committed to the district court's discretion. *United States v. Lopez*, 649 F.3d 1222, 1242–43 (11th Cir. 2011)(The district court allowed the four codefendants a total of twenty peremptory challenges for selecting the first twelve jurors. The court additionally offered the defendants the option for four more peremptory challenges to be exercised individually, instead of jointly, if they agreed to the government having four more challenges; defense counsel declined). The Eleventh Circuit has upheld the exercise of that discretion to grant additional challenges in a multi-defendant case. In *United States v. Bascaro*, the district court allowed six defendants fifteen joint peremptory challenges, ten provided by Rule 24(b) and five additional challenges granted in the court's discretion. 742 F.2d 1335, 1349 (11th Cir. 1984).

## II. ADDITIONAL CHALLENGES ARE WARRANTED IN THIS CASE

The number of defendants alone creates a practical limitation. Ten joint defense challenges must be shared among eight defendants. A prospective juror who causes concern for the Defendant may not present the same concern for a codefendant, and the defendants may reasonably disagree about how to use a limited pool of shared strikes.

Those differences are particularly important here because the Defendant's alleged conduct is materially different from much of the conduct charged against his codefendants. The bank-fraud allegations concern mortgages, straw buyers, powers of attorney, real-estate transactions, rental proceeds, and loan modifications. Indictment ¶¶ 32–130, at 7–22. The Defendant is not charged in

those counts. His charges concern an alleged VA education-benefit conspiracy and three VA-ONCE submissions on or about March 1, 2021. Indictment ¶¶ 155–181, at 28–34.

These differences may produce different jury-selection concerns. A prospective juror's views about mortgage fraud, real-estate transactions, military benefits, veterans, religious organizations, or the conduct attributed to a particular codefendant may affect the Defendant differently from the defendants charged in those matters. The defense therefore should not be required to treat all prospective jurors as presenting the same concerns for all eight defendants.

This request would preserve the ten joint defense challenges provided by Rule 24(b) while giving the Defendant a limited ability to address juror concerns specific to the charges and evidence against him. The request also would not prevent the Court from granting comparable relief to other defendants or from establishing an orderly procedure for exercising the challenges.

## III. THE COURT SHOULD ESTABLISH THE ALLOCATION BEFORE VOIR DIRE

An advance ruling will allow counsel to evaluate prospective jurors with a clear understanding of the number and method of available challenges. It will also reduce disputes among defendants during jury selection and permit the parties to exercise their challenges efficiently.

The Defendant therefore requests that, before jury selection begins, the Court grant him additional peremptory challenges to be exercised separately. In the alternative, the Defendant requests that the Court grant the defense a reasonable number of additional joint peremptory challenges and establish their allocation among the defendants before voir dire.

## IV. CONCLUSION

Defendant respectfully requests that the Court grant him additional peremptory challenges under Federal Rule of Criminal Procedure 24(b), permit him to exercise those challenges separately, and establish the procedure for exercising all peremptory challenges before jury

selection. In the alternative, the Defendant requests additional joint defense challenges in a number and allocation determined by the Court.

Respectfully submitted this 30th day of September, 2026.

/s/ Katrell Nash____________________
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**OMAR GARCIA,**<br>**Defendant.** | **CASE NO.: 1:25-cr-00062-JRH** |

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of September, 2026, I electronically filed the foregoing ***Motion for Additional Peremptory Challenges and Incorporated Memorandum of Law*** with the Clerk of Court through CM/ECF, which provides electronic notice to all counsel of record registered to receive such notice.

/s/ Katrell Nash
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com