**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br>**v.**<br>**OMAR GARCIA,**<br>**Defendant.** | **Case No. 1:25-cr-00062-JRH** |

**DEFENDANT OMAR GARCIA'S AMENDED MOTION TO SEVER AND INCORPORATED MEMORANDUM OF LAW**

Defendant Omar Garcia, through undersigned counsel, respectfully moves pursuant to Federal Rules of Criminal Procedure 8(b), 12(b)(3)(B)(iv), 12(b)(3)(D), and 14(a) for an order directing that Counts Four through Twenty-Three be tried separately from Counts One through Three and Twenty-Four through Twenty-Six. This Amended Motion supersedes Garcia's Motion to Sever (Doc. 240) and is submitted pursuant to the Court's October 9, 2026 Order (Doc. 251).

Garcia maintains that the Indictment does not allege that the separately charged bank-fraud, VA-benefit, and tax offenses arise from the same act or series of acts or transactions, as Rule 8(b) requires. The two conspiracies allege different objects, means, victims, and transactions. A common organizational setting and overlapping defendants do not, without the necessary transactional relationship, establish proper joinder. Garcia requests a separate trial of the VA-related counts as a group, not a trial of Garcia alone.

Separately and strictly in the alternative, without conceding that joinder satisfies Rule 8(b), Garcia seeks severance under Rule 14(a). His defense turns on what he knew and intended when performing the VA-related acts alleged in the Indictment. He maintains that he did not knowingly participate in a scheme to defraud and lacked fraudulent intent. A trial combining these charges with separate allegations of mortgage fraud and tax misconduct presents a serious risk that jurors will infer his intent from the alleged dishonesty of other defendants rather than determine it from evidence properly relevant to his own conduct.

## I. THE INDICTMENT AND GARCIA'S DEFENSE

### A. The Indictment charges separate conspiracies and distinct substantive offenses.

Count One charges Denis, Oloans, Fryar, Nostrant, Robertson, and Reip with conspiracy to commit bank fraud involving residential real estate, straw purchasers, mortgage applications, powers of attorney, title transfers, mortgage payments, rental receipts, and loan modifications. Counts Two and Three charge substantive bank-fraud offenses against Oloans, Fryar, Nostrant, and Reip. Garcia is not charged in those counts. Indictment ¶¶ 32–130, ECF No. 3 (Sept. 4, 2025). Counts Twenty-Four through Twenty-Six charge Denis alone with aiding and assisting in the preparation of false tax returns. *Id.* ¶¶ 182–187.

Count Four separately alleges a conspiracy to commit wire fraud concerning VA education benefits against Denis, Garcia, Labat, and Robertson. Counts Five through Seven charge Garcia with three substantive wire-fraud offenses based on VA-ONCE submissions allegedly made on March 1, 2021; Counts Eight through Twenty-Three charge additional VA-ONCE transmissions against Labat. *Id.* ¶¶ 155–181. The VA allegations concern HOPBS, the Georgia Nonpublic Postsecondary Education Commission (GNPEC), the Georgia Department of Veterans Service (GDVS), VA education benefits, religious-exemption certifications, school certifying officials, and VA-ONCE transmissions. *Id.* ¶¶ 131–181.

The alleged objects are different. Count One alleges obtaining funds or property from financial institutions through false mortgage-related representations. Count Four alleges obtaining VA education-benefit funds to which the charged participants supposedly were not entitled. *Id.* ¶¶ 34, 157. The Indictment also distinguishes the offenses through incorporation: Count One incorporates paragraphs 1–31; Count Four incorporates paragraphs 1–31 and 131–155, but not the detailed bank-fraud allegations in paragraphs 32–130; and the tax counts incorporate only paragraphs 1–4. *Id.* ¶¶ 32, 155, 182, 184, 186.

**B. The shared introductory allegations do not allege a common criminal transaction.**

The defense recognizes that paragraphs 18, 20, 21, and 25 describe organizational activities involving some persons named in both conspiracies. Paragraph 18 discusses payments from organizational accounts. Paragraph 20 alleges control over members. Paragraph 21 refers to attendance at Bible seminaries paid for with military benefits. Paragraph 25 alleges that rental-property income flowed to the "Defendants." *Id.* ¶¶ 18, 20–21, 25. The defense does not disregard those allegations. It disputes their legal sufficiency to join the bank-fraud and VA-benefit charges.

None of these paragraphs identifies a mortgage transaction carried out by Garcia, alleges that a particular VA payment paid a charged mortgage, or specifies a transfer or financial transaction constituting part of both charged conspiracies. Paragraph 25's collective reference to the "Defendants" does not identify Garcia as obtaining proceeds from a specific bank-fraud property. The overlap of Denis and Robertson in the charged conspiracies, and the parties' common organizational setting, do not themselves plead the same series of criminal acts or transactions.

**C. The pleaded chronology and accounts do not supply the missing connection.**

Count One alleges a bank-fraud conspiracy beginning as early as 2004 and identifies transactions involving 808 Spanish Oak Drive and 1374 Forest Lake Drive in 2008. *Id.* ¶¶ 33, 52–69. The VA allegations place the first request for education-benefit payment in approximately 2013 and the commencement of VA-benefit deposits in January 2013. *Id.* ¶¶ 167–168. VA benefits first received in 2013 could not have financed the inception of the alleged conspiracy or those 2008 transactions.

The Indictment also alleges bank-fraud activity after 2013, including rental receipts during 2018–2020 and mortgage-related conduct involving 801 Krebs Lane and 1480 Flo Zechman

Drive. *Id.* ¶¶ 47–50, 86–114. The defense does not suggest that the later chronology, standing alone, excludes every conceivable financial connection. Rather, temporal overlap is not itself an allegation of the same transaction. The VA-deposit accounts identified in paragraphs 151–154 do not list Garcia as a signatory, and the Indictment does not trace an identified VA deposit into a particular charged mortgage, loan modification, or property transfer. *Id.* ¶¶ 41, 62, 104–106, 113, 151–154. The pleading leaves the claimed transaction-level relationship unstated.

## II. GOVERNING LAW

Rule 8(b) permits joinder when defendants are alleged to have participated in the same act or transaction, or the same series of acts or transactions, constituting one or more offenses; each defendant need not be charged in every count. Fed. R. Crim. P. 8(b). Joinder is a pleading question determined from the Indictment's allegations. *United States v. Liss*, 265 F.3d 1220, 1227–28 (11th Cir. 2001) (citing *United States v. Morales*, 868 F.2d 1562, 1567–68 (11th Cir. 1989)). A common conspiracy may support joinder of related substantive offenses, but separately charged conspiracies must still satisfy Rule 8(b)'s same-series requirement. See Liss, 265 F.3d at 1227–28.

Alternatively, if joinder is proper under Rule 8(b), Rule 14(a) permits separate trials or other appropriate relief from prejudicial joinder. Fed. R. Crim. P. 14(a). Joint trials are generally favored, particularly for defendants charged in a common conspiracy. A defendant seeking severance must demonstrate compelling prejudice that instructions or other lesser remedies cannot cure. *United States v. Lopez*, 649 F.3d 1222, 1234–36 (11th Cir. 2011). Severance is warranted only when a joint trial poses a serious risk of compromising a specific trial right or preventing a reliable determination of guilt or innocence. The remedy remains within the Court's discretion, and limiting instructions often suffice. *Zafiro v. United States*, 506 U.S. 534, 539–41

(1993). Garcia seeks to preserve a joint trial of the VA conspiracy and related substantive counts while separating the distinct bank-fraud and tax charges.

An evidentiary disparity among codefendants, standing alone, does not establish compelling prejudice. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). The inquiry is whether evidentiary spillover prevents the jury from assessing each defendant individually despite appropriate safeguards. See *United States v. Pedrick*, 181 F.3d 1264, 1271–73 (11th Cir. 1999) (affirming a posttrial grant of a new trial based on compelling spillover prejudice); Lopez, 649 F.3d at 1234–36.

## III. ARGUMENT

### A. The Indictment does not allege the same act or series of acts or transactions required by Rule 8(b).

The Indictment does not allege the relationship required by Rule 8(b). Count One alleges a conspiracy to obtain funds from financial institutions through real estate and mortgage transactions; Count Four alleges a separate conspiracy to obtain VA education benefits through HOPBS's eligibility status, certifications, and enrollment transmissions. The alleged schemes involve distinct objects, immediate victims, operative representations, and transactions. The Indictment does not allege that the charged mortgage transactions furthered the VA-benefits conspiracy or that the charged VA submissions furthered the bank-fraud conspiracy.

The shared introductory allegations likewise fail to establish a substantial identity of facts connecting the schemes. Paragraphs 18, 20, 21, and 25 describe organizational payments, leadership practices, military education benefits, and rental income, but identify no charged bank-fraud transaction within the same series of acts or transactions as a VA certification or enrollment submission. The Indictment does not allege that a particular VA payment financed a

specified bank-fraud transaction or that a charged mortgage transaction implemented a VA-related misrepresentation.

Garcia acknowledges that Rule 8(b) requires neither his participation in every charged transaction nor every defendant's inclusion in every count. The issue is whether the Indictment alleges a sufficient factual relationship to place the distinct schemes within the same series of acts or transactions. Temporal overlap and common participants must be considered with the allegations as a whole. Garcia does not contend that joinder invariably requires tracing a particular VA payment to a particular mortgage transaction; rather, he maintains that the shared allegations, considered together, fail to connect the VA-related charges with the bank-fraud and tax charges as Rule 8(b) requires.

**B. Alternatively, a joint trial would create specific prejudice to the determination of Garcia's knowledge and intent.**

Without waiving his Rule 8(b) objection, Garcia independently requests relief under Rule 14(a). The central contested issue concerning the VA-related charges is not merely whether applications, certifications, or transmissions exist. It is what Garcia understood and whether he acted with the knowledge and fraudulent intent required by the charged offenses. The risk of prejudice from a joint trial therefore bears directly on the jury's evaluation of the disputed elements of the charges against him.

In a joint trial, the jury would consider the VA-related allegations against Garcia while also hearing evidence that other defendants allegedly used straw purchasers, false mortgage applications, forged powers of attorney, property transfers, and loan modifications to defraud financial institutions, together with separate tax-return allegations against Denis. Garcia is not charged with mortgage-fraud or tax offenses. The concern is therefore not simply that the Government may present more evidence against other defendants. Rather, the nature of that

evidence creates a substantial risk that the jury will use alleged mortgage-fraud and tax conduct, conduct not charged against Garcia, to evaluate Garcia's knowledge and intent concerning the distinct VA-related allegations.

The distinction matters because the alleged schemes involve different immediate victims, representations, documents, and transactions. Evidence concerning allegedly fraudulent mortgage applications, straw purchasers, forged instruments, and tax returns cannot establish Garcia's knowledge or intent merely by showing other defendants' dishonesty. Any use of that evidence concerning HOPBS's eligibility status, certifications, or enrollment transmissions must rest on a permissible evidentiary connection to Garcia and the VA charges. Garcia's concern is that presentation of these matters in a single trial will invite attribution of others' alleged misconduct to him rather than an individualized determination of culpability from evidence properly applicable to him.

Garcia recognizes that limiting instructions ordinarily may reduce spillover prejudice. Here, however, he submits that instructions would not adequately separate the extensive mortgage and tax evidence from the determination of his knowledge and intent concerning the VA charges. His asserted prejudice is not merely the volume of evidence against others, but the risk that their distinct alleged misconduct will substitute for proof of the central disputed elements against him. Garcia therefore requests severance of the VA-related charges under Rule 14(a), with the safeguards described in Section III.E only if severance is denied.

### C. Pedrick demonstrates the danger of using other defendants' misconduct to resolve a disputed intent issue.

In *United States v. Pedrick*, 181 F.3d 1264 (11th Cir. 1999), the Eleventh Circuit affirmed a posttrial order granting a new trial to a defendant jointly charged with Shankman with conspiracy and mail and wire fraud. Shankman alone also faced controlled-substance charges and money-

laundering charges arising from the fraud scheme. Pedrick's pretrial severance motions had been denied. The district court later granted a new trial on three grounds: the weight of the evidence, the Government's reliance on civil regulatory violations, and compelling prejudice from the joint trial.

Pedrick is a fact-specific, posttrial illustration of compelling prejudice, not an automatic entitlement to pretrial severance whenever defendants face different charges. Garcia invokes it by analogy: evidence of other defendants' alleged mortgage and tax misconduct could improperly influence the jury's assessment of his knowledge and intent concerning the VA charges. Accordingly, Garcia seeks severance under Rule 14(a) to prevent the spillover prejudice illustrated by Pedrick: the risk that evidence of other defendants' alleged misconduct will substitute for proof of his own knowledge and fraudulent intent.

**D. The identified prejudice is not cured by a general instruction to consider each defendant separately.**

Although limiting instructions often suffice, Zafiro recognizes a serious risk of prejudice when evidence admitted against a codefendant would be inadmissible against the defendant in a separate trial and could lead the jury to attribute the codefendant's wrongdoing to him. Zafiro, 506 U.S. at 539. Garcia identifies that risk here, not merely an evidentiary imbalance. Evidence offered solely to prove other defendants' alleged mortgage and tax offenses could invite the jury to infer Garcia's fraudulent intent from their alleged misconduct rather than from his knowledge and conduct concerning the VA certifications and submissions.

Zafiro leaves the remedy to the Court's discretion and recognizes that a high risk of prejudice may require separate trials. Id. Garcia submits that a general instruction to consider each count and defendant separately would not adequately address the identified danger: the use of evidence concerning distinct alleged schemes to resolve his disputed knowledge and intent.

Severing the VA counts would address that danger directly while preserving a single trial of the VA prosecution and permitting the Government to present evidence otherwise admissible on those charges. Garcia therefore requests severance under Rule 14(a), with lesser protective relief only if severance is denied.

**E. If severance is denied, carefully tailored evidentiary safeguards remain appropriate.**

Garcia maintains that severance is necessary to prevent the identified spillover prejudice. Only if severance is denied does he request tailored safeguards against using evidence admitted solely on the bank-fraud or tax charges as proof of his knowledge, agreement, or fraudulent intent on the VA charges. The Court should determine each item's admissibility and permissible use under the applicable evidentiary rules, including Rule 403's balancing standard and Rule 404(b)'s prohibition on propensity use when applicable. Evidence admissible only against other defendants or for limited purposes should, upon timely request, be restricted to its proper scope with corresponding instructions. Fed. R. Evid. 403, 404(b), 105.

For disputed bank-fraud or tax evidence proposed for use against Garcia, he requests a use-specific admissibility ruling before that use and, when justice so requires, a hearing outside the jury's presence. If admitted only against other defendants or for a limited purpose, the evidence should be distinctly identified and accompanied by defendant- and count-specific limiting instructions. Fed. R. Evid. 104(a), (c)(3), 105. These requests preserve alternative protection; they do not concede that instructions or evidentiary separation can cure the compelling prejudice asserted under Rule 14(a). Severance remains the requested remedy because it directly addresses the risk that other defendants' alleged misconduct will substitute for proof of Garcia's own knowledge and intent.

## IV. THE REQUESTED RELIEF IS NARROW

Garcia seeks a single trial of Counts Four through Twenty-Three, separate from Counts One through Three and Twenty-Four through Twenty-Six, not separate trials for each defendant or each VA-related count. He requests that separation primarily under Rule 8(b) and, alternatively, without conceding proper joinder, under Rule 14(a). This relief preserves the Government's ability to present evidence otherwise admissible on the VA charges while addressing the risk that other defendants' alleged mortgage and tax misconduct will substitute for proof of Garcia's own knowledge and fraudulent intent. Only if severance is denied does Garcia request the tailored safeguards described above; that alternative request neither waives his Rule 8(b) objection nor concedes that lesser measures can cure the asserted prejudice.

## V. CONCLUSION

For the foregoing reasons, Defendant Omar Garcia respectfully requests that the Court:

1) Order a single trial of Counts Four through Twenty-Three, separate from Counts One through Three and Twenty-Four through Twenty-Six, because joinder is improper under Rule 8(b); alternatively, without conceding proper joinder, grant the same relief under Rule 14(a) to prevent the compelling spillover prejudice described above;
2) Only if severance is denied, impose the tailored safeguards described in Section III.E, including use-specific admissibility rulings, hearings outside the jury's presence when justice so requires, distinct identification of evidence admitted for limited purposes or only against other defendants, and defendant- and count-specific limiting instructions upon timely request. This alternative request neither waives Garcia's Rule 8(b) objection nor concedes that lesser measures can cure the prejudice asserted under Rule 14(a); and
3) Grant such other relief as justice requires.

Respectfully submitted this 30th day of October, 2026.

**/s/ Katrell Nash**
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com

## CERTIFICATE OF SERVICE

I hereby certify that, on October 30, 2026, I electronically filed the foregoing Amended Motion to Sever and Incorporated Memorandum of Law with the Clerk of Court through the Court's CM/ECF system, which provides notice of the filing to counsel of record registered to receive electronic notice.

**/s/ Katrell Nash**
Katrell Nash
Counsel for Omar Garcia