**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**OMAR GARCIA,**<br>**Defendant.** | **Case No. 1:25-cr-00062-JRH** |

# DEFENDANT OMAR GARCIA'S AMENDED MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES AND INCORPORATED MEMORANDUM OF LAW

Defendant Omar Garcia, through undersigned counsel, moves pursuant to Federal Rule of Criminal Procedure 24(b) and Southern District of Georgia Local Criminal Rule 24(d) for two additional peremptory challenges to be exercised separately if he remains in a multi-defendant joint trial. Alternatively, he requests four additional joint defense challenges. Garcia requests that the Court determine the number, allocation, and manner of exercising all challenges before voir dire.

Pursuant to the Court's October 9, 2026, Order (Doc. 251), this Amended Motion supersedes Garcia's Motion for Additional Peremptory Challenges (Doc. 242). If severance is granted, Garcia requests that the Court evaluate the need for additional challenges based on the defendants and counts remaining in his trial.

## I. GOVERNING LAW

In a noncapital felony case, Rule 24(b)(2) provides six peremptory challenges to the Government and ten to the defendant or defendants jointly. Rule 24(b) separately authorizes the Court to allow additional challenges to multiple defendants and to permit their separate or joint exercise. The requested additional challenges concern the trial jury, not the separate challenges for alternate jurors under Rule 24(c)(4).

The allocation and manner of exercising additional challenges are discretionary. See *United States v. Lopez*, 649 F.3d 1222, 1243–44 (11th Cir. 2011) (upholding a requirement that jointly tried defendants agree unanimously on joint peremptory challenges). Garcia seeks a case-specific exercise of the Court's Rule 24(b) discretion.

## II. THE DEFENDANTS AND DISTINCT CHARGES

The Indictment charges eight defendants in twenty-six counts. Garcia is charged in Count Four with conspiracy to commit wire fraud involving VA education benefits and in Counts Five through Seven with three substantive wire-fraud counts arising from VA-ONCE submissions allegedly made on March 1, 2021. Indictment ¶¶ 155–81, at 28–34 (Doc. 3).

By contrast, Oloans, Fryar, Nostrant, and Reip are charged in the bank-fraud counts and are not charged in the VA counts. Denis and Robertson are charged in both Count One and Count Four. Labat is charged in Count Four and substantive VA wire-fraud counts. Denis alone is charged in the false-tax-return counts. See Indictment ¶¶ 33, 116, 124, 156, 181, 183, 185, 187 (Doc. 3).

If all eight defendants remain in one trial, Garcia must share ten ordinary defense challenges with defendants facing distinct charges and evidence, some of which may not be admissible against him in a separate trial.

## III. ARGUMENT

### A. Eight defendants sharing ten joint challenges may have materially different jury-selection concerns.

Although Rule 24(b)(2) does not allocate challenges equally among defendants, sharing ten challenges among eight defendants limits independent action when jury-selection interests diverge. Garcia relies on the distinct charges and evidence here, rather than the number of defendants alone, to support limited additional challenges.

Prospective jurors' experiences with mortgage lending, real-estate transactions, property management, loan servicing, taxation, military service, VA education benefits, government education-benefit programs, or religious institutions and schools may bear differently on the charges against each defendant. Those experiences do not themselves establish bias; the relevant concern is whether a juror's expressed views or responses warrant a lawful, case-specific challenge.

A juror acceptable to defendants facing mortgage or property charges may raise concerns for Garcia through responses concerning VA education benefits or religious educational institutions. Conversely, another defendant may seek to strike a juror whose banking, real-estate, or tax-related responses do not concern Garcia. A shared pool requires counsel to reconcile those differing assessments, limiting Garcia's ability to address concerns specific to Counts Four through Seven.

**B. The need for limited Garcia-specific challenges is greater if severance and surplusage relief are denied.**

The pending severance and surplusage motions may materially affect jury selection. If the VA defendants are tried separately from the bank-fraud and tax defendants, the scope of the trial will change. If severance is denied, the jury deciding Garcia's knowledge and intent on the VA charges may also hear evidence concerning mortgages, powers of attorney, real-estate transactions, rental proceeds, loan modifications, and Denis's tax returns.

If surplusage relief is denied, allegations concerning HOPCC's religious, social, and interpersonal practices may create additional concerns distinct from those arising from bank-fraud and tax charges. Two Garcia-specific challenges would help address those differences while preserving the ten ordinary joint defense challenges. This request does not replace the relief sought in the severance or surplusage motions.

### C. Two separately exercised challenges are a modest exercise of the Court's Rule 24(b) discretion.

Garcia requests only two additional, separately exercised challenges, not a full individual allotment for each defendant or a change to the ten ordinary joint challenges.

This limited allocation would address Garcia-specific concerns while leaving the Court discretion to prescribe an orderly strike sequence.

### D. Alternatively, four additional joint defense challenges would provide added flexibility.

If separate challenges are denied, Garcia requests four additional joint defense challenges. Although joint challenges would not resolve disagreements about particular jurors, they would provide added flexibility in an eight-defendant trial involving distinct charges and evidence. Rule 24(b) authorizes that alternative allocation.

### E. The Court should establish the number, allocation, and sequence before voir dire.

An advance ruling would allow counsel to assess prospective jurors with a clear understanding of the available challenges, reduce disputes, and promote efficient jury selection.

Garcia requests that the Court designate, before voir dire, when and how any additional separate or joint challenges will be exercised within the Local Criminal Rule 24(d) sequence, as modified by the Court. He does not insist on an additional round. If the Court considers increasing the Government's challenges, Garcia requests an opportunity to be heard before the allocation is fixed.

## IV. CONCLUSION

If Garcia remains in a multi-defendant joint trial, he respectfully requests two additional peremptory challenges to be exercised separately or, alternatively, four additional joint defense challenges. He further requests that the Court establish the number, allocation, sequence, and

manner of exercising challenges before voir dire. If severance is granted, the allocation should be evaluated in light of the defendants and counts remaining in Garcia's trial.

Respectfully submitted this 30th day of October, 2026.

**/s/ Katrell Nash**
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com

## CERTIFICATE OF SERVICE

I certify that on the 30th day of October, 2026, I electronically filed the foregoing Amended Motion for Additional Peremptory Challenges and Incorporated Memorandum of Law with the Clerk of Court through CM/ECF, which provides electronic notice to all counsel of record registered to receive such notice.

/s/ Katrell Nash
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com