**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>**Plaintiff,**<br><br>**v.**<br><br>**OMAR GARCIA,**<br>**Defendant.** | **CASE NO.: 1:25-cr-00062-JRH** |

# DEFENDANT OMAR GARCIA'S AMENDED MOTION TO STRIKE SURPLUSAGE AND INCORPORATED MEMORANDUM OF LAW

Defendant Omar Garcia, by and through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 7(d), respectfully moves the Court to strike the allegations and language identified below from the Indictment, as incorporated into Counts Four through Seven. Pursuant to the Court's October 9, 2026 Order (Doc. 251), this Amended Motion supersedes Defendant's Motion to Strike Surplusage (Doc. 241).

Garcia seeks narrow relief: removal of irrelevant, prejudicial allegations concerning other defendants and internal HOPCC practices; defendant-specific protection from collective financial allegations; and deletion of inflammatory labels while retaining potentially relevant facts. He does not seek wholesale removal of allegations concerning HOPCC or HOPBS.

## I. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(d) provides that, on a defendant's motion, the Court may strike surplusage from an indictment or information. Fed. R. Crim. P. 7(d).

The Eleventh Circuit requires a clear showing that challenged allegations are both irrelevant to the charge and inflammatory and prejudicial. United States v. Awan, 966 F.2d 1415, 1426 (11th Cir. 1992) (quoting United States v. Huppert, 917 F.2d 507, 511 (11th Cir. 1990)). Unnecessary detail alone is insufficient. If relevance depends on the trial evidence, the Court may reserve ruling;

Awan approved withholding challenged allegations from the jury's indictment summary pending that determination. Id.

Removing allegations unnecessary to and independent of the charged offense does not impermissibly broaden an indictment when the offense and its elements remain fully stated. United States v. Miller, 471 U.S. 130, 136, 144 (1985). Miller addresses the permissibility of narrowing an indictment; Garcia must separately satisfy Awan's relevance-and-prejudice standard.

Rule 12(d) requires a pretrial ruling unless good cause supports deferral. Fed. R. Crim. P. 12(d). If the Court defers its ruling, Garcia requests the interim protections described in Section V. See Awan, 966 F.2d at 1426.

## II. THE CHARGES AGAINST GARCIA

Garcia is charged in Count Four with conspiracy to commit wire fraud involving VA education benefits and in Counts Five through Seven with three VA-ONCE transmissions alleged to have occurred on March 1, 2021. Indictment ¶¶ 156, 180-181, at 28, 33. Count Four incorporates paragraphs 1 through 31 and 131 through 155. Id. ¶ 155. Counts Five through Seven incorporate paragraphs 1 through 31 and 131 through 179. Id. ¶ 180.

Those incorporation clauses bring the challenged introductory allegations into Garcia's counts but do not establish their relevance. The VA conspiracy, its object and means, the GNPEC certifications, the alleged enrichment, and the three charged transmissions are separately alleged in paragraphs 156 through 181. Removing the challenged language would leave those allegations intact. Id. ¶¶ 156-181.

## III. LANGUAGE TO BE STRICKEN

### A. Allegations requiring deletion, omission, or defendant-specific protection as incorporated into Counts Four through Seven.

1. Paragraphs 1 and 2 and the first sentence of paragraph 3 concern Denis's alleged use of another person's identity beginning in 1983 and his later citizenship application. Indictment ¶¶ 1-3, at 1-2. The Government asserts their relevance to transactions charged against Denis. See Gov't Resp. in Opp'n to Denis Mot. to Strike Surplusage. Garcia requests omission of these allegations from any jury copy or summary as applied to his charges or, alternatively, an instruction that they are not evidence of his character, knowledge, intent, or agreement.
2. Paragraph 18 alleges that "the Defendants" received HOPCC and HOPBS funds described as "expense reimbursement," "ministerial love offering," "love offering," "automotive reimbursement," "expense reimbursement & offering," or "building fund." Indictment ¶ 18, at 4. Garcia requests that no jury copy or summary characterize his receipts as VA-fraud proceeds absent evidence connecting those funds to the charged scheme.
3. Paragraph 24. This paragraph alleges that Denis arranged marriages and orchestrated divorces among HOPCC members. Indictment ¶ 24, at 5. It concerns Denis and private relationships among HOPCC members, not any VA Form 22-1999, GNPEC certification, VA-ONCE transmission, or agreement by Garcia to defraud the VA.
4. Paragraph 25 alleges that Denis and Oloans directed members to live in certain rental properties and that rental income "flowed to the Defendants." Indictment ¶ 25, at 5. Garcia requests that it be stricken as incorporated into Counts Four through Seven or omitted from any jury copy or summary used in connection with his charges unless the Government establishes his connection to the transactions or proceeds.
5. Paragraph 30. This paragraph alleges that Denis castigated and humiliated congregants in private and in front of other HOPCC members. Indictment ¶ 30, at 6. It concerns Denis and internal disciplinary practices, not conduct necessary to state Counts Four through Seven.

6. Paragraph 31. This paragraph alleges restrictions on contact with former HOPCC members and refers to a list entitled "Ex-HOPCC Traitors." Indictment ¶ 31, at 6. It identifies no VA certification, GNPEC filing, VA-ONCE transmission, or act by Garcia necessary to the charged VA offenses.

**B. Inflammatory characterizations to be stricken from otherwise retained allegations**

Garcia does not ask the Court to strike the factual substance of the following paragraphs. He requests only that inflammatory characterizations be removed while potentially relevant factual allegations remain.

7. Paragraph 15: strike the words "and indoctrination." Indictment ¶ 15, at 4.
8. Paragraph 20: strike the word "extreme" and the phrase "and manipulation," leaving the factual allegation concerning the exercise of control over members and attendees. Id. ¶ 20, at 4.
9. Paragraphs 21, 22, 23, 26, 27, 28, and 29: strike the repeated introductory characterization "As part of the control and manipulation," while leaving the underlying factual allegations intact. Id. ¶¶ 21-23, 26-29, at 4-6.

## IV. ARGUMENT

**A. The requested deletions preserve the charged offenses but must also satisfy Rule 7(d).**

The requested deletions would not remove the alleged VA conspiracy, GNPEC certifications, or March 1, 2021 transmissions. They therefore would narrow, not broaden, the Indictment. See Miller, 471 U.S. at 136, 144. That conclusion does not alone warrant relief: Garcia must also show why the challenged allegations lack relevance and create inflammatory prejudice. The following arguments address those requirements separately for each category.

**B. Any relevance of paragraphs 1-3 to Denis does not make those allegations evidence against Garcia.**

Garcia does not dispute that Denis's identity history may be relevant to transactions charged against Denis. The Government's proffered theory, however, identifies no connection to Garcia's VA-ONCE transmissions, GNPEC submissions, or alleged agreement to defraud the VA. Because relevance to Denis may preclude wholesale deletion in a joint trial, Garcia principally seeks defendant-specific omission or a limiting instruction. Those measures would preserve the Government's Denis-specific theory without inviting the jury to infer Garcia's fraudulent intent from another defendant's alleged misconduct.

**C. Collective financial allegations require a connection to Garcia's charged conduct.**

Paragraphs 18 and 25 collectively attribute institutional payments and rental income to "the Defendants," without identifying Garcia's receipts as VA-fraud proceeds or connecting him to a bank-fraud transaction. Count Four separately alleges unlawful enrichment from VA funds. Indictment ¶¶ 157, 179. Financial evidence may be relevant to that theory, and the absence of tracing detail in the Indictment does not itself establish irrelevance. Garcia therefore seeks a determination of the connection between his receipts and the charged scheme before collective allegations are presented as proof that he received fraud proceeds.

Paragraph 25 adds the distinct danger of bank-fraud spillover identified in Garcia's Amended Motion to Sever. Garcia is not charged in Count One, and the substantive bank-fraud allegations do not identify his participation in the property or mortgage transactions. His omission from that count is not dispositive of relevance, but the collective phrase "flowed to the Defendants" risks attributing those transactions and proceeds to him without a demonstrated connection. If relevance cannot be resolved before trial, omission pending an evidentiary ruling provides narrower protection than categorical exclusion.

**D. Paragraphs 24, 30, and 31 invite a moral judgment about HOPCC rather than a verdict on Garcia's charged conduct.**

Paragraphs 24, 30, and 31 concern arranged marriages and divorces, humiliation of congregants, restrictions on contact with former members, and an "Ex-HOPCC Traitors" list. As alleged, these practices identify no connection to Garcia's VA certifications, GNPEC filings, charged transmissions, or knowing participation in the alleged conspiracy. Their prejudicial force is distinct: they invite condemnation of HOPCC's internal practices and attribution of that condemnation to Garcia. Garcia seeks deletion because both irrelevance and inflammatory associative prejudice are present, not merely because the allegations are unfavorable. See Awan, 966 F.2d at 1426. If the Government proffers a connection to the VA scheme, Garcia alternatively requests a ruling outside the jury's presence under Section V.

**E. The narrower wording requests preserve potentially relevant background without the inflammatory labels.**

Garcia acknowledges that allegations concerning veteran attendance, seminary operations, military education benefits, and his GNPEC certifications may supply relevant context. His wording requests preserve those facts while removing "and indoctrination," "extreme," "and manipulation," and the repeated introduction "As part of the control and manipulation," as specified in Section III.B. Paragraph 21 would still allege that members were directed to attend the seminaries and use military benefits and that Robertson, Garcia, and Labat participated in seminary operations. The disputed labels add no concrete act beyond the retained allegations and risk substituting an inflammatory characterization of institutional practices for proof of Garcia's fraudulent intent.

## V. ALTERNATIVE RELIEF AND PRESERVATION OF EVIDENTIARY OBJECTIONS

If good cause supports deferral under Rule 12(d), Garcia requests omission of the challenged language from any jury copy or summary pending a relevance determination. See Awan, 966 F.2d

at 1426. He also requests that the language not be read, displayed, or quoted to the jury, including in opening statement, before that ruling.

Denial of Rule 7(d) relief should be without prejudice to Garcia's objections under Federal Rules of Evidence 401, 403, and 404(b), and any other applicable grounds. Retaining an allegation in the Indictment does not resolve the admissibility of supporting evidence against Garcia.

If the Court declines to strike paragraphs 24, 30, or 31, Garcia requests a ruling outside the jury's presence before the Government introduces the identified internal HOPCC practices against him. He requests the same procedure before paragraph 25 or separately charged bank-fraud evidence is used to establish his knowledge, intent, agreement, participation, or receipt of fraud proceeds. The Government should identify the evidentiary connection to Garcia and his charged conduct rather than rely on incorporation or collective labels alone. Evidence relevant to another defendant or scheme should be considered against Garcia only on an independent, admissible basis.

## VI. CONCLUSION

Defendant Omar Garcia respectfully requests that the Court:

a) grant the defendant-specific omission or limiting instruction requested for paragraphs 1 and 2 and the first sentence of paragraph 3; strike paragraphs 24, 30, and 31 as incorporated into Counts Four through Seven; and grant the relief specified in Section III.A for paragraphs 18 and 25;

b) strike the inflammatory characterizations identified in Section III.B while leaving the underlying factual allegations intact;

c) direct that any jury copy or summary of the Indictment reflect those rulings;

d) if relief is deferred or denied, grant the interim protections and outside-the-jury evidentiary rulings requested in Section V, without prejudice to Garcia's objections under Rules 401, 403, 404(b), or other applicable grounds; and

e) grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th of October 2026.

**/s/ Katrell Nash**
Katrell Nash, Counsel for Omar Garcia
Georgia Bar No. 722089
The Nash Law Office, LLC
2177 Central Avenue
Augusta, Georgia 30904
Telephone: (706) 589-9530
Email: katrell@nashlawofficellc.com

## CERTIFICATE OF SERVICE

I certify that on the 30th of October 2026, I electronically filed the foregoing Amended Motion to Strike Surplusage and Incorporated Memorandum of Law with the Clerk of Court through CM/ECF, which provides electronic notice to all counsel of record registered to receive such notice.

**/s/ Katrell Nash**
Katrell Nash, Counsel for Omar Garcia